IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHERATON JEROME SMITH, # 211796, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 3:13cv881-WHA |
| | ) (WO) |
| KENNETH JONES, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

The respondents have filed an answer (Doc. No. 11) in which they argue, among other things, that the *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Sheraton Jerome Smith ("Smith") on November 26, 2013,[1] is barred by the one-year limitation period applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d) (setting forth one-year limitation period).

Title 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Although the petition was stamped as received in this court on December 2, 2013, it was signed by Smith on November 26, 2013. (Doc. No. 1 at 15.) A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Barbour v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Smith] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Exhibits submitted by the respondents indicate that Smith was convicted on charges of first-degree robbery following a jury trial in the Macon County Circuit Court on October 30, 2001. (Ex. A.) The trial court imposed a sentence of 30 years in prison on November 14, 2001. (*Id.*) On September 20, 2002, on direct appeal, Smith's conviction and sentence were affirmed by the Alabama Court of Criminal Appeals. (Ex. D.) Smith did not file an application for rehearing with the Alabama Court of Criminal Appeals or seek certiorari review in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a certificate of judgment in his case on October 8, 2002. (Exh. E.)

Under the circumstances, Smith's conviction became final on October 8, 2002, upon the Alabama Court of Appeals' issuance of the certificate of judgment. *See* Ala.R.App.P.

40(c).  Accordingly, the one-year federal limitation period for Smith to file a timely § 2254 habeas petition began to run on that same date and expired one year later, on October 8, 2003, unless the limitation period was tolled at some point between October 8, 2002, and October 8, 2003.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  Smith did not file any state post-conviction petitions challenging his conviction between October 8, 2002, and October 8, 2003, when the limitation period expired after running unabated for one year.  The record reflects that in January 2013 Smith filed his first state post-conviction petition under Ala.R.Crim.P. 32 challenging his conviction.[2]  (*See*. Ex. F.)  However, Smith's filing of the Rule 32 petition had no tolling effect under § 2241(d)(2), because the one-year federal limitation period had expired long before the Rule 32 petition was filed.  *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year statute of limitation has expired, it does not toll the statute because no time remains to be tolled).

As noted above, Smith did not file his § 2254 habeas petition until November 26, 2013.  Under the circumstances, it appears that the one-year limitation period contained in 28 U.S.C. § 2244(d)(1) expired approximately 10 years before Smith filed his § 2254

---

[2] The trial court denied the Rule 32 petition on February 7, 2013.  (Ex. H.)

petition.  Accordingly, it is

**ORDERED that on or before March 17, 2014,** Smith shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d), and for the other reasons asserted in the respondents' answer.

Done this 24th day of February, 2014.


_____/s/ Terry F. Moorer_____
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

4