IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

SHERATON JEROME SMITH, # 211796,    )
    )
    Petitioner,    )
    )
    v.    )    Civil Action No. 3:13cv881-WHA
    )    (WO)
KENNETH JONES, *et al.*,    )
    )
    Respondents.    )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28

U.S.C. § 2254 filed by Alabama inmate Sheraton Jerome Smith ("Smith") on November 26,

2013.[1]  *Doc. No. 1*.  Smith challenges his robbery conviction obtained in the Circuit Court

of Macon County in 2001.  The respondents argue (*Doc. No. 11*) that Smith's petition is

barred from review by the one-year limitation period for § 2254 petitions.  *See* 28 U.S.C. §

2244(d).  After due consideration of the pleadings, evidentiary materials, and applicable law,

the court concludes that no evidentiary hearing is required and that Smith's petition should

be denied as untimely.

---

[1] Although Smith's petition was stamped as received in this court on December 2, 2013,
it was signed by Smith on November 26, 2013.  *Doc. No. 1* at 15.   A *pro se* inmate's petition
is deemed filed the date it is delivered to prison officials for mailing. *Barbour v. Lack,* 487 U.S.
266, 271-72 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey
v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of
prison logs or other records, [this court] must assume that [the instant petition] was delivered to
prison authorities the day [Smith] signed it...."  *Washington v. United States*, 243 F.3d 1299,
1301 (11th Cir. 2001).

## II.  DISCUSSION

*AEDPA's One-Year Limitation Period*

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On October 30, 2001, Smith was convicted of first-degree robbery following a jury trial in the Macon County Circuit Court.  *Resp'ts Ex. A.*  On November 14, 2001, the trial

court sentenced Smith to 30 years in prison. *Id*. Smith appealed, and on September 20, 2002, the Alabama Court of Criminal Appeals affirmed his conviction and sentence. *Resp'ts Ex. D*. Smith filed no application for rehearing with the appellate court and did not seek certiorari review in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a certificate of judgment on October 8, 2002. *Resp'ts Ex. E*.

Because Smith did not seek rehearing in the Alabama Court of Criminal Appeals or certiorari review in the Alabama Supreme Court, his conviction became final on October 8, 2002, upon the Alabama Court of Criminal Appeals' issuance of a certificate of judgment. *See* Ala.R.App.P. 40(c). Accordingly, under 28 U.S.C. § 2244(d)(1)(A), the one-year federal limitation period for Smith to file a § 2254 petition began to run on that date and expired one year later, unless the limitation period was tolled at some point between October 8, 2002, and October 8, 2003.

*Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Smith filed no state post-conviction petition challenging his conviction between October 8, 2002, and October 8, 2003. Therefore, the limitation period expired on October 8, 2003, after running unabated for one year. Not until January 22, 2013, did Smith file a state post-conviction petition, under Rule 32 of the Alabama Rules of Criminal Procedure,

challenging his conviction and sentence.[2]  *Resp'ts Ex. F.*  However, Smith's filing of the Rule 32 petition had no tolling effect under § 2244(d)(2) because the limitation period had already expired on October 8, 2003, long before the Rule 32 petition was filed.  *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year federal limitation period has expired, it does not toll the limitation period because no time remains to be tolled).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) do not provide safe harbor for Smith such that the federal limitation period commenced on some date later than October 8, 2002.  There is no evidence that any unconstitutional or illegal State action impeded Smith from filing a timely § 2254 petition.  *See* 28 U.S.C. § 2244(d)(1)(B).  Smith presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See* 28 U.S.C. § 2244(d)(1)(C).  Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence."  *See* 28 U.S.C. § 2244(d)(1)(D).

*Equitable Tolling*

The federal limitation period may be equitably tolled on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v.*

---

[2] The trial court denied the Rule 32 petition on February 7, 2013.  *Resp'ts Ex. H.*

*United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  *See Holland v. Fla.*, 560 U.S. 631 (2010).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Smith seems to suggest he is entitled to equitable tolling because, he says, he was mentally incompetent to file a timely § 2254 petition.  *Doc. No. 13* at 1.  A habeas petitioner must allege more than "the mere existence of physical or mental ailments" to invoke the equitable tolling of the limitation period.  *See Rhodes v. Senkowski*, 82 F.Supp.2d 160, 173 (S.D. N.Y. 2000).  A petitioner's mental incapacity may support a request for equitable tolling if the petitioner establishes a causal connection between his alleged mental incapacity and his ability to timely file his petition.  *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005).  Smith asserts that, because of his mental illness, he relied on help from fellow inmates in filing his habeas petition.  *Doc. No. 13* at 1.  He does not, however, allege that his mental illness prevented him from getting such help at a time when his petition would have been timely, and nothing in the record supports a finding that his alleged mental illness made it impossible for him to file his federal petition on time.  Because he shows no causal connection between his alleged mental illness and his inability to file a timely petition, Smith is not entitled to equitable tolling on this basis.

Moreover, as to this claim, Smith does not establish that he acted diligently in trying to file a timely habeas petition.  In particular, Smith did not file his first state post-conviction petition until January 22, 2013, more than nine years of the federal limitation period had

expired, and he does not allege that he took any steps prior to that time to try to pursue his post-conviction remedies.  Because he also did not act diligently, he is not entitled to equitable tolling.  *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701-02 (11th Cir. 2004).

Smith also suggests he is entitled to equitable tolling because he was unaware of the AEDPA's one-year limitation period.  *Doc. No. 13* at 2.  However, a petitioner's ignorance of the law is an insufficient ground on which to equitably toll the limitation period.  *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).  Thus, Smith fails to establish his entitlement to equitable tolling on this basis.

### Actual Innocence

In his petition, Smith cursorily asserts that he is not guilty of the robbery offense of which he was convicted.  *Doc. No. 1 at 1; Doc. No. 1-1.*  Demonstrated actual innocence may trump a time-bar in habeas proceedings and act as a gateway through which a petitioner can pass to have the claims in his § 2254 petition reviewed.  *See Rozzelle v. Secretary, Florida Dept. of Corrections*, 672 F.3d 1000, 1011 (11th Cir. 2012).  The standard for actual innocence, however, is exacting.

In *Schlup v. Delo*, 513 U.S. 298 (1995), the United States Supreme Court held that habeas petitioners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  513 U.S. at 327.  "[T]he

*Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id.* at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). As the Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, Smith points to no new reliable exculpatory evidence demonstrating his innocence of the robbery of which he was convicted. He merely asserts that he is not guilty of the offense. This mere assertion, with nothing more, falls far short of the *Schlup* standard for establishing actual innocence. Thus, Smith's § 2254 petition is subject to the time bar in § 2244(d).

The one-year limitation period in § 2244(d)(1)(A) expired on October 8, 2003. Because Smith did not file his § 2254 petition until November 26, 2013, his petition is time-barred.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED with prejudice and this case dismissed because the petition is time-barred under the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner.  The petitioner is DIRECTED to file any objections to this Recommendation on or before February 18, 2016.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 2nd day of February, 2016.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE